# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff(s),

v.

ALBERT SILVA HERNANDEZ, JR.,

    Defendant(s).

2:12-CR-254 JCM (PAL)

## ORDER

Presently before the court is defendant Albert Silva Hernandez, Junior's motion for judgment of acquittal or alternatively for new trial. (Doc. # 52). The government filed a response in opposition. (Doc. # 55). Defendant has not filed a reply and the deadline date has passed.

**I.    Rule 29**

Federal Rule of Criminal Procedure 29(c)(1) provides that a "defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." "A judgment of acquittal is improper if, viewing the evidence in the light most favorable to the government, a rational trier of fact could have found the defendant guilty beyond a reasonable doubt." *United States v. Ching Tang Lo*, 447 F.3d 1212, 1221 (9th Cir. 2006).

Defendant argues that the government did not prove beyond a reasonable doubt that he persuaded the victim to engage in sexually explicit conduct for the purpose of producing a visual

1    depiction of the sexually explicit conduct. The defendant states that this failure by the government
2    entitles him to an acquittal. The government counters by arguing that it did produce such evidence.

3    The court agrees with the government. The government elicited testimony from the victim
4    that she was persuaded by the defendant to take certain pictures, in certain poses, naked, and then
5    to text the pictures to defendant via cell phones. Additionally, the government produced evidence
6    that the defendant himself was in some of the sexually explicit photos with the victim. When the
7    government produces evidence that the defendant posed and appeared in sexually explicit photos
8    with the underage victim, there is even stronger evidence that the defendant persuaded the victim
9    to engage in and photograph sexually explicit conduct. In sum, viewing the evidence in the light
10   most favorable to the government, the court finds that a rational trier of fact could have found the
11   essential elements of the charged offense beyond a reasonable doubt.

12   The defendant's motion for acquittal pursuant to Rule 29 is denied.

## II. New Trial

Federal Rule of Criminal Procedure 33(a) states that upon a motion by the defendant, "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Defendant argues that this court cut off his ability to make closing arguments based on the evidence and jury instructions. The government counters by arguing the court correctly prevented defendant from making misleading or improper arguments.

In the closing arguments, defense counsel attempted to argue that the government had failed to present evidence that the defendant "persuaded" the victim to engage in sexually explicit conduct and then text pictures of that conduct. The court prevented defense counsel from arguing that defendant had to have "persuaded" the victim to engage and then photograph the conduct.

It is true that the parties agreed to use the term "persuaded" in the jury instructions. However, the entire text of the relevant statute reads "[a]ny person who employs, uses, persuades, induces, entices, or coerces . . . ." 18 U.S.C. § 2251(a). The court cut off the misleading argument that defendant could only be found guilty if he "persuaded" the victim, when the entire statute includes the terms employs, uses, induces, entices, or coerces. After the government moved to

| | |
|---|---|
| 1 | introduce the entire text of the statute, the following sequence took place between the court and |
| 2 | defense counsel: |

> The court: It's the statute. The statute controls, doesn't it? So are you arguing something contrary to the statute?
>
> Defense counsel: I am not, your honor.
>
> The court: Well, you're arguing like there's only one thing, persuaded, that's the only word in the statute. It's not.
>
> Defense counsel: I understand.
>
> The court: So I'm going to cut off your argument on that point unless you want to say the defendant enticed, persuaded, coerced, whatever, all the language of the statute because it's misleading the jury to say here's what the statute says, it says persuade. And he didn't persuade anything. Well, that's one of the many words in the statute.
>
> Defense counsel: I understand that, your honor.
>
> The court: All right.
>
> Defense counsel: And I've got all my argument incorporating the entire statute.
>
> The court: All right, go ahead.
>
> Defense counsel: Thank you. And, ladies and gentlemen of the jury, when you examine the statute, I would ask you to decide for yourself whether or not [defendant] used, persuaded, induced, enticed, or coerced [the victim] to engage in sexual explicit conduct or alternatively based upon all the testimony presented and that would include all of the exhibits, that would include the text messages which accompany all of the pictures that are shown, decide whether it was [defendant] who was doing this or whether or not [the victim] was acting of her own volition.

(Doc. # 54; 22:6-23:15).

The court cut off, and then corrected, a misleading argument to the jury. "District courts have broad power to ensure that a trial proceeds in a proper manner." *United States v. Marks*, 530 F.3d 799, 807 (9th Cir. 2008). The court finds that defendant's Sixth Amendment right to counsel or due process rights were not unconstitutionally affected by the objections and the court's ruling during closing arguments.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 3 -

1 | Accordingly,

2 | IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion for acquittal or alternatively for a new trial (doc. # 52) be, and the same hereby, is DENIED.

DATED June 24, 2013.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**